IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. WR-24,927-68






TODD WARREN ALTSCHUL, Relator


v.


JUDGE OF THE 23RD DISTRICT COURT, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS


CAUSE NO. 23557
 

FROM BRAZORIA COUNTY






 Per curiam.


O R D E R



 Relator filed a motion for leave to file an application for a writ of mandamus pursuant to the
original jurisdiction of this Court. In it, he contended he had filed an application for a writ of habeas
corpus in the 23rd District Court of Brazoria County, but the habeas application had not been timely
forwarded to this Court. The mandamus application was abated for a response from the District
Clerk of Brazoria County, which has been provided. The response indicates in pertinent part, "[O]ur
records do not reflect any 11.07 Writ of Habeas Corpus filed by [Relator] from April 1, 2012 up to
date."

 Relator replies that he did file the habeas application. He attempts to prove filing with a copy
of a habeas application displaying a file stamp from Brazoria County with a date of April 19, 2012,
and he alleges the file stamp was placed there by the clerk. The file stamp has no time or signature
and is different from other Brazoria County file stamps in the record. Relator also provides a United
States Postal Service Form 3811 (green card) No. 7010-2780-0002-0193-6770 regarding a delivery
to the clerk made on April 18, 2012, which bears the signature of Krista Thompson. Certified copies
of these documents are attached to this Order.

 In these circumstances additional facts are needed, and the trial court is the appropriate forum
for findings of fact. See Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). The
Judge of the 23rd District Court of Brazoria County shall make factual findings regarding the
authenticity of the file stamp on the habeas application and the green card. The trial court shall also
make factual findings regarding whether Relator's writ application was received for filing by the
Brazoria County District Clerk on or about April 18, 2012, and whether it was filed. The trial court
may make any additional factual findings it deems relevant and appropriate.

 This application for a writ of mandamus will be held in abeyance until the trial court has
resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes
from any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court.

Filed: October 3, 2012

Do not publish